11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

David Michael Starks

Appellant

Vs.                   No.
11-02-00305-CR -- Appeal from Dallas County

State of Texas

Appellee

 

The jury
convicted David Michael Starks of possessing more than one gram of
cocaine.  After his plea of  “true” to the allegation of one prior felony
offense, the trial court assessed his punishment at confinement for seven
years.  We affirm.

                                                                   The
Indictment

The
indictment charged that, on or about December 18, 2001, appellant unlawfully
possessed a controlled substance,  “to-wit:
COCAINE, in an amount by aggregate weight, including any adulterants or
dilutants, of 1 gram or more but less than 4 grams.”  The indictment also alleged that, prior to the commission of that
offense, appellant had a final conviction for the felony offense of robbery.

                                                                    The
Evidence

Only three
witnesses testified during the first phase of trial.[1]  They were the two police officers who made
the arrest and the chemist who tested and weighed the cocaine.








Officer
David T. Andree of the Dallas Police Department testified that he and Officer
Zachary Kerr were working in the central business district on December 18,
2001.  They were both in uniform, and
they were in the “paddy wagon” or police van which is used in connection with
the police bicycle officers.  Officer
Andree was in the passenger seat of the van, and Officer Kerr was driving.  They were on patrol in an area which had “a
large history of drugs in the area.” 
Officer Andree testified that he saw appellant walking through an open
lot with his back toward the officer and with “his right hand cupped.”  Officer Andree said that he was about 10 to
12 feet from the man and that he “could see a crack pipe in his right hand.”  Officer Andree then identified appellant as
the man that he saw holding the crack pipe. 
Relevant portions of his testimony read as shown:

Q: When
you saw the pipe in the defendant’s hand, what did you do and/or say?

 

A: As we
were driving, I yelled at my partner, “Got a pipe.”  Or could have been “crack pipe.”   That’s normally one of the two things we say.  He stopped. 
I jumped out, and I grabbed the defendant.

 

Q: And
what was your purpose of jumping out to grab the defendant?

 

A: A lot
of times people run on us.  They run on
us all the time down there trying to stop and detain them.

 

Q: This
being a violation of the law, were you going to arrest the defendant for this?

 

A: Yes, ma’am.

 

Q: Prior
to actually grabbing the defendant, did he do anything with the crack pipe?

 

A:
Yeah.  Right as I was jumping out, he
stuffed the pipe in his front right pocket.

 

                                                            *   *  
*

 

Q: Having
seen him put the paraphernalia into the right front pocket, did you look in the
right front pocket?              

 

A: Yes, ma’am.

 

Q: And was
the crack pipe in there?

 

A: Yes, ma’am.

 

Q: Was
there anything else in there?

 

A: There
was two baggies containing crack cocaine.

 








Officer
Andree testified that they transported appellant to the jail and that a field
test of the substances in the two baggies was “positive for cocaine.”  Officer Andree also testified as to his end
of the chain of custody on the substances which were submitted to the
laboratory for testing.  During
cross-examination, Officer Andree agreed that he did not have a warrant when he
arrested appellant and searched him; he agreed that the “sole reason” for the
arrest and search was because appellant “had a crack pipe in his possession in
plain view.”  During his redirect
examination, Officer Andree said that, when they retrieved the item from
appellant’s pocket, it was a “crack pipe.” 


Officer
Kerr testified that he was driving the paddy wagon on the date that appellant
was arrested.  Officer Kerr said that he
stopped the van when Officer Andree saw “an individual or two walking” and that
Officer Andree stated:  “He has
something in his hand,” or “I think I see a crack pipe,” or something to that
effect.  Officer Kerr did not remember
the exact statement, but he said that he stopped the van and that Officer
Andree said:  “He’s putting a pipe in
his pocket” or something like that. 
Officer Kerr also identified appellant as the man that Officer Andree
arrested.  Officer Kerr said that
Officer Andree did the search incident to arrest and found a small baggie of
what Officer Kerr believed was crack cocaine. 
Officer Kerr said that Officer Andree “retrieved the crack pipe first
and then subsequently found the crack cocaine. 
Officer Kerr said that he saw Officer Andree do the field test and place
the contraband into the drug lock box. 
Officer Kerr said that there might have been a couple of other people in
the area but that appellant was by himself at the time of his arrest.  During his cross-examination, Officer Kerr
agreed that he did not see the crack pipe prior to the arrest.  During his redirect examination, Officer
Kerr said that he was familiar with “crack pipes” and that the item which was
taken from appellant’s pocket was a crack pipe.

The last
witness was Carolyn Kleiman of the Southwestern Institute of Forensic
Sciences.  She was the chemist who
tested and weighed the contraband.  She
testified that there were two baggies containing hard tan material, that the “hard
tan material contained cocaine,” and that the total weight was 3.5 grams.    

                                                                    Point
of Error








Appellant
presents a single point of error.  He
argues that the trial court erred in refusing his request for a jury
instruction pursuant to TEX. CODE CRIM. PRO. ANN. art. 38.23 (Vernon Pamph.
Supp. 2003).  That article provides that
no evidence obtained in violation of any federal law or in violation of any law
of this State shall be admitted in evidence against the accused on the trial of
any criminal case.  That article also
provides:

In any
case where the legal evidence raises an issue hereunder, the jury shall
be instructed that if it believes, or has a reasonable doubt, that the evidence
was obtained in violation of the provisions of this Article, then and in such
event, the jury shall disregard any such evidence so obtained.  (Emphasis added)

        


This point
of error is overruled because the evidence does not “raise an issue.”  The legal evidence does not cause any “reasonable
doubt” about whether the evidence was obtained in violation of any federal or
state law.  Officer Andree had the right
to make the arrest and to make the search incident to arrest.  There was no factual dispute for the jury to
resolve concerning the admissibility of the evidence.  See, e.g., Thomas v. State, 723 S.W.2d 696, 707
(Tex.Cr.App.1986), where the court said:

A trial
court is required to include a properly worded Article 38.23 instruction in the
jury charge only if there is a factual dispute as to how the evidence was
obtained.  (Emphasis added)

 

                                                                This
Court’s Ruling

The
judgment of the trial court is affirmed.         

 

BOB
DICKENSON

SENIOR
JUSTICE

 

July 3, 2003

Do not publish.  See TEX.R.APP.P.47.2(b).

Panel consists of:  Arnot, C.J., and 

Wright, J., and Dickenson, S.J.[2]











[1]Appellant’s testimony during the punishment phase need
not be discussed.





[2]Bob Dickenson, Retired Justice, Court of Appeals, 11th
District of Texas at Eastland, sitting by assignment.